**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Fujinon Corporation | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 06-332 JJF |
| v. | ) | |
| | ) | |
| Samsung Telecommunications | ) | |
| America, LP. and Samsung Electronics | ) | |
| Co., Ltd. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF LODGING

PLEASE TAKE NOTICE, that the Plaintiff, by and through its undersigned counsel, is hereby lodging with the Court, as Exhibits A and B to this Notice, true and correct copies of the Waiver of Service of Summons and Complaint forms executed by each of the Defendants.

Dated:  August 30, 2006                     STEVENS & LEE, P.C.


By:  _/s/ Joseph Grey_
Joseph Grey (ID 2358)
1105 North Market Street, Seventh Floor
Wilmington, DE  19801Samsung
telecommunications America, LP.
Telephone:  (302) 654-5180
Telecopier:  (302) 654-5181
E-Mail:  jg@stevenslee.com

Quentin R. Corrie
Charles Gorenstein
Robert J. Kenney
8110 Gatehouse Road
Suite 100 East
Falls Church, VA 22040-0747
(703) 205-8000

*Counsel for the Plaintiff*

# EXHIBIT A

WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

TO:   Quentin R. Corrie, Esq.
      Birch, Stewart, Kolasch & Birch, L.L.P.
      8110 Gatehouse Road, Suite 100 East
      Falls Church, Virginia 22042

Samsung Telecommunications America LP acknowledges receipt of your request to waive service of a summons in the action of Fujinon Corporation v. Samsung Telecommunications America LP and Samsung Electronics Co., Ltd., which is Civil Action No. 06-332 in the United States District Court for the District of Delaware. Samsung Telecommunications America LP has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which it can return the signed waiver to you without cost to Samsung Telecommunications America LP.

Samsung Telecommunications America LP agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4.

Samsung Telecommunications America LP will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Samsung Telecommunications America LP understands that a judgment may be entered against Samsung Telecommunications America LP if an answer or motion under Rule 12 is not served upon you within 60 days after July 7, 2006, or within 90 days after that date if the request was sent outside the United States. Samsung Telecommunications America LP **expressly waives service of the summons and Complaint** voluntarily in the above-referenced case. Samsung Telecommunications America LP acknowledges that it has read the language on the reverse side of this form.

The following signatory has full power and authority, in accordance with law, to execute, deliver and perform this Waiver of Service of Summons and Complaint on behalf of Samsung Telecommunications America LP.

Samsung Telecommunications America LP

_8-16-06_                    By:  _Pamela Day_
Date                              Signature

Printed Name:  _Pamela Day_
Title:  _VP + General Counsel_

I, _Mary White_____, a Notary Public in and for the County of
_Collin_____, in the state of _Texas_____, do certify that
Samsung Telecommunications America LP, whose signature appears above, dated the
_16_ day of August, 2006, has acknowledged the same before me in the County of
_Collin_____ this _16_ day of August, 2006.

My commission expires: _June 6, 2009_____

_____
Notary Public

MARY WHITE
MY COMMISSION EXPIRES
June 6, 2009

Duty to Avoid Unnecessary Costs of Service of Summons

Comment [a1]: NOTE – this page should be printed on the reverse side of the 1st page!

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court, or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

TO:    Quentin R. Corrie, Esq.
       Birch, Stewart, Kolasch & Birch, L.L.P.
       8110 Gatehouse Road, Suite 100 East
       Falls Church, Virginia 22042

Samsung Electronics Co., Ltd. acknowledges receipt of your request to waive service of a summons in the action of Fujinon Corporation v. Samsung Telecommunications America LP and Samsung Electronics Co., Ltd., which is Civil Action No. 06-332 in the United States District Court for the District of Delaware. Samsung Electronics Co., Ltd. has also received a copy of the Complaint in the action, two copies of this instrument, and a means by which it can return the signed waiver to you without cost to Samsung Electronics Co., Ltd.

Samsung Electronics Co., Ltd. agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4.

Samsung Electronics Co., Ltd. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Samsung Electronics Co., Ltd. understands that a judgment may be entered against Samsung Electronics Co., Ltd. if an answer or motion under Rule 12 is not served upon you within 60 days after July 7, 2006, or within 90 days after that date if the request was sent outside the United States. Samsung Electronics Co., Ltd. **expressly waives service of the summons and Complaint** voluntarily in the above-referenced case and waives any and all rights under the Hague Convention and the laws of the Republic of Korea, including but not limited to rights to be served in a prescribed manner. Samsung Electronics Co., Ltd. acknowledges that it has read the language on the reverse side of this form.

The following signatory has full power and authority, in accordance with law, to execute, deliver and perform this Waiver of Service of Summons and Complaint on behalf of Samsung Electronics Co., Ltd.

Samsung Electronics Co., Ltd.

Aug. 18, 2006
Date

By: _____
       Signature

Printed Name: JOHN KIM
Title: PATENT COUNSEL

OPTIONAL FORM 175
(FORMERLY FS-88)
MARCH 1975
DEPT. OF STATE
50175-101

# Certificate of Acknowledgment of Execution of an Instrument

KOREA
----------------------------------------------------
(Country)

SPECIAL CITY OF SEOUL
----------------------------------------------------
(County and/or other political division)

EMBASSY OF THE                                    } SS:
----------------------------------------------------
(County and/or other political division)

UNITED STATES OF AMERICA
----------------------------------------------------
(Name of foreign service office)

I,_____ Thomas J. Meredith
            Consular Associate _____

of the United States of America at _____ Seoul, Korea _____

duly commissioned and qualified, do hereby certify that on this _____

day of ___ 1 8 AUG 2006 ___, before me personally appeared ____ X   X   X ____
        (DATE)
        JOHNNY  JANGGAK  KIM        X     X     X
----------------------------------------------------------------------

----------------------------------------------------------------------

to me personally known, and known to me to be the individual—described in, whose

name___ HE ___subscribed to, and who executed the annexed instrument, and being

informed by me of the contents of said instrument___ HE ___duly acknowledged to me

that___ HE ___executed the same freely and voluntarily for the uses and purposes therein

mentioned.

[SEAL]

*In witness whereof I have hereunto set my hand and*

*official seal the day and year last above written.*

_____

Thomas J Meredith
Consular Associate ____ *of the United States of America.*

NOTE.—Wherever practicable all signatures to a document should be included in one certificate.

GPO : 1975 O – 576-782

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court, or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**CERTIFICATE OF SERVICE**

I, Joseph Grey, hereby certify that, on this 30th day of August, 2006, I caused true and correct copies of the foregoing Notice of Lodging to be served by United States mail, postage prepaid, upon the Defendants at the following addresses:

Samsung Electronics Co., Ltd
Maetan-3 Dong, Yeongtong-Gu
Suwon-si, Gyunggi-Do
Korea  442-600
Attn:  Mr. Seung Gun Park, Vice President


Samsung Telecommunications America, LP
1301 East Lookout Drive
Richardson, Texas  75082


_/s/ Joseph Grey_
Joseph Grey